# IN THE COURT OF APPEALS OF IOWA

No. 21-0788
Filed September 1, 2021

**IN THE INTEREST OF K.M., E.T., J.K. and J.K.**
**Minor Children,**

**B.K., Father,**
    Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block,

Associate Juvenile Judge.

        A father appeals the juvenile court order terminating his parental rights and

denying his request to be named the guardian of two other children.  **AFFIRMED.**

        Joseph G. Martin, Cedar Falls, for appellant father.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Andrew Abbott, Waterloo, attorney and guardian ad litem for minor children.

        Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

A father appeals the juvenile court order terminating his parental rights and denying his request to be named the guardian of two other children. It is in the best interests of the father's two biological children to terminate his parental rights. Also, the court properly decided not to apply any of the exceptions to termination of parental rights. In addition, it is not in the best interests of the other two children to be placed in the father's care under a guardianship. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

B.K. is the father of Jo.K., born in 2013, and Ja.K., born in 2014. The children's mother, J.B., is also the mother of K.M., born in 2010, and E.T., born in 2011. B.K. has acted in the role of a stepfather to K.M. and E.T.[1] The parents have a lengthy history of substance abuse and domestic violence.[2]

On August 29, 2019, the children were adjudicated to be in need of assistance (CINA) under Iowa Code section 232.2(6)(c)(2) and (n) (2019). There were concerns the parents were using methamphetamine. The juvenile court also stated, "The children were reporting use of inappropriate physical discipline, being hit with belts, brushes and hangers by [the mother] and [the father]." In October, the children were placed in the father's care due to the mother's drug use. The children were removed from his care on February 7, 2020, based on a report the father used physical discipline on the children and violated a no-contact order

---

[1] Although B.K. is not the biological or legal father of J.B. and E.T., for simplicity he will be referred to as the father in this opinion.
[2] The family was involved with the Iowa Department of Human Services (DHS) on and off since 2012. At times, the children were removed from the parents' care.

prohibiting contact between the mother and father. Additionally, the mother reported the father asked her to buy marijuana for him. The children were initially placed with the paternal grandmother of Jo.K. and Ja.K. but were later placed in foster care.

The parents told service providers they were separated, but they had been living together since April 2020. On August 19, the mother was arrested for domestic abuse assault when the father reported that she punched him during an argument. A new no-contact order was issued. The parents violated the no-contact order on August 30. The father did not have any insight into how the instability in his relationship with the mother negatively impacted the children.

The children exhibited negative behaviors following contact with the father. Beginning in August, E.T. refused to attend visitation with the father. Following the children's removal from the father's care, they provided numerous reports of past emotional and physical abuse while in the parental home. The children attend individual therapy for behavioral concerns.

In January 2021, the father began participating in a parenting class. He requested semi-supervised visits with the children, but the children's therapist did not recommend moving from supervised visits. DHS determined it was not in the best interests of the children to have semi-supervised visits. In early February 2021, the father relapsed and used marijuana.

On February 3, the State filed a petition seeking termination of the parents' rights. The father filed a motion to intervene in the cases involving K.M. and E.T. No party objected to the motion. The juvenile court found the children were

previously placed in the father's care and he was seeking to be a long-term placement option for them. The court granted the motion to intervene.

The juvenile court entered a decision on May 28, 2021, terminating the father's parental rights to Jo.K. and Ja.K. under section 232.116(1)(f) (2021). The court found:

> No record has been established from which this court could make a determination that the children could be returned to the care of any biological parent without being placed at risk of further abuse or neglect, or if permanency would be deferred that any parent is capable of making the necessary changes in the next six months. All of the children have experienced significant trauma while in the care of their parents. To return custody or place guardianship with [the father] would only further traumatize the children and place the children at risk of exposure to illegal substances, domestic violence, physical abuse, emotional abuse, and denial of critical care.

The court determined that termination of the father's parental rights was in the children's best interests. The court also denied the father's request to be named the guardian of K.M. and E.T. The father appeals the decision of the juvenile court.

## II. Termination of Parental Rights

**A.** Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

**B.** The father claims termination of his parental rights is not in the best interests of Jo.K. and Ja.K. In considering the best interests of children, we give

"primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional needs of the child[ren] under section 232.116(2*)." In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

As part of his best-interests argument, the father requests more time to work on reunification with the children. He states that he has made great progress since August 2020 and should be given an extension of time. The juvenile court may decide not to terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). The court may continue the proceedings for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

Jo.K. and Ja.K. were placed in the father's care in October 2020. They were removed again, however, in February 2021, due to concerns about the father's use of physical discipline. Jo.K. reported the father slapped her in the face and spanked her. The children reported the father hit them with a big spoon and a brush. The children were afraid of the father. Also, the father allowed the mother in the home, although this was prohibited by the juvenile court due to the parents' history of domestic violence. The mother told social workers that the father asked her to obtain marijuana for him. The father did not comply with requests for random

drug testing during this time. The children provided numerous reports of past emotional and physical abuse while in the father's care.

The father's conduct while the children were in his care shows that it would not be in their best interests to be returned to his care. We agree with the juvenile court's statement that "[t]o return custody . . . with [the father] would only further traumatize the children and place the children at risk of exposure to illegal substances, domestic violence, physical abuse, emotional abuse, and denial of critical care." Additionally, it is likely the need for removal would still exist after six months. The father continually downplayed the effect of his physical abuse of the mother and children. The children exhibited negative behaviors following contact with the father and attend individual therapy for behavioral concerns. Further, an extension of time would not be in the children's best interests. We find termination of the father's parental rights to Jo.K. and Ja.K. is in their best interests.

**C.** The father contends the juvenile court should have decided not to terminate his parental rights because termination would be detrimental to the children due to the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). "The factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019) (quoting *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011)). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *Id.* (citing *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)).

The juvenile court found, "[n]one of the exceptions provided in Iowa Code section 232.116(3) have been established." There was evidence the children were afraid of the father and had been traumatized by his violent behavior. The record does not show that termination of the father's parental rights would be detrimental to the children based on the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). We find the juvenile court properly ruled an exception to termination should not be applied in this case.

We affirm the juvenile court's decision terminating the father's parental rights to Jo.K. and Ja.K.

### III.     Guardianship

**A.**     We review de novo a juvenile court decision declining to place children in a guardianship following termination of the children's parent's rights. *See In re H.T.*, No. 20-0748, 2020 WL 4201802, at *2 (Iowa Ct. App. July 22, 2020). We consider whether a guardianship would be in the children's best interests. *See In re J.B.*, No. 20-1087, 2020 WL 5946046, at *1 (Iowa Ct. App. Oct. 7, 2020).

**B.**     The father claims it would be in the best interests of K.M. and E.T. to be placed in his care in a guardianship. He states that he acted as a father for the children for several years. The father points out that K.M. and E.T. were placed in his care from October 2020 to February 2021, although they are not his biological or legal children.

We find it would not be in the best interests of K.M. and E.T. to be placed in a guardianship with the father. K.M. experienced significant trauma while living with the father. K.M. stated he wanted to remain in his current foster home, and his behaviors have stabilized there. His foster parents have expressed an interest

in adopting him. K.M. needs permanency, which can be provided through adoption. A guardianship would provide further instability for K.M. and is not in his best interests.

E.T. reported the father hit him with a brush and a belt. He also stated the father threw a fork at him, causing a cut above his eye. E.T. refused to visit the father beginning in August 2020, but by the time of the termination hearing expressed an interest in having visits with the father and his siblings. E.T.'s relationship with the father has caused significant trauma. Like K.M., E.T. needs a permanent home. Adoption, rather than a guardianship, would best meet E.T.'s long-term needs. Being placed in a guardianship with the father would not be in E.T.'s best interests.

We affirm the juvenile court's decision to reject the father's request to have K.M. and E.T. placed in his care under a guardianship.

**AFFIRMED.**